*242 OPINION OF THE COURT
Per Curiam.
By decision and order on application of this Court dated February 16, 2012, the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated October 18, 2011. That petition alleged that the respondent was guilty of, inter alia, failing to file biennial registration statements with the Office of Court Administration (hereinafter the OCA) for five biennial registration periods and failing to cooperate with the legitimate demands of the Grievance Committee in connection with an investigation into his professional conduct.
After this Court granted an extension of time to effect service, on April 10, 2012, the respondent was personally served with a copy of the decision and order dated February 16, 2012, together with notice of entry, as well as a copy of the verified petition dated October 18, 2011. More than 20 days have elapsed without an answer to the petition, as directed, or a request for an adjournment.
The Grievance Committee now moves to deem the charges against the respondent established, and to impose such discipline upon him as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee’s motion nor interposed any response thereto.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is suspended for an indefinite period, until further order of the Court (see Matter of Malone, 98 AD3d 263 [2012]; Matter of Atkins, 84 AD3d 97 [2011]).
Eng, EJ., Mastro, Rivera, Skelos and Chambers, JJ., concur.
Ordered that the motion of the Grievance Committee for the Tenth Judicial District is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Edward J. Owen, admitted as Edward James Owen, is suspended for an indefinite period, until further order of the Court; and it is further,
Ordered that the respondent, Edward J. Owen, admitted as Edward James Owen, shall comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Edward J. Owen, admitted as Edward James Owen, is com *243 manded to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Edward J. Owen, admitted as Edward James Owen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).